```
           DAHIYA LAW OFFICES LLC
                  Attorneys

            75 Maiden Lane Suite 506
            New York, New York 10038
      Tel: 212-766 8000   Fax: 212 766 8001
               karam@legalpundit.com
```

Hon. Kiyo A. Matsumoto            May 10, 2015
Eastern District Court of New York
Chambers Room 5905
225 Cadman Plaza East
Brooklyn, New York 11201

                         Re: In re: Julian Salim
                         EDNY Case No. 15-cv-01787 -KAM
                         Adversary Case No. 13-01442

Dear Judge Matsumoto:

       I, the undersigned, Karamvir Dahiya, appearing for Julian Salim (the "appellant") hereby respectfully moves this Court to vacate the briefing Order dated May 4, 2015 and dismiss the Notice of Appeal as premature filed.

       Both, the appellee and appellant erred in their contentions, the former in alleging that this Court lacks jurisdiction owing to an allegedly late filed Notice of Appeal and the latter by just filing it. The reason is clear that, the underlying order of the bankruptcy court, dated March 16, 2015, is not deemed final for the purposes of an appeal, it must await final adjudication of all pending counts in the underlying Adversary Proceeding pending before bankruptcy judge. F.R.Civ.P. 54(b) (Rule 54(a)–(c) F.R.Civ.P. applies in adversary proceedings, FRBP 7054). The appellee filed the underlying Adversary Proceeding objecting to the bankruptcy discharge of the debtor, the appellant, herein on two counts: 11 U.S.C. § 523(a)(4) and (a)(6). The bankruptcy judge granted decision only on one claim, i.e. 11 U.S.C. § 523 (a)(6), however another claim is still pending. Record is also clear that the appellee did not move to have this adjudicated claim entered as a final decision and thus immediately appealable, by expressly determining that no just cause exists to delay the appeal, and by directing the entry of judgment. F.R.Civ.P. 54(b). See also, *Estate of O'Bert v. Vargo,* 331, F.3d 29, 40-41 (2nd Cir. 2003). Moreover, presence of un-adjudicated counterclaims too thwarts the decision from being final for appeal purposes. See *Curtiss-Wright Corp. General Elec. Co.*, 446 U.S. 1, 9 (1980).

1

Piecemeal appeals during a single litigation are not permitted unless expressly allowed and carved. See *Reiter v. Cooper,* 507 U.S. 258, 263 (1993).

And now addressing the issue, as raised by the appellee—"Respondent intends to argue that as result of the appeal being filed untimely"--Your Honor, if the Notice of Appeal was tardily filed or defective is secondary and is moot, as the underlying decision was not finally appealable barring Rule 54(b) entry.[1] Wherefore under the circumstances, the Court Order setting a briefing schedule on May 4, 2015, be respectfully, vacated and Notice of Appeal be dismissed as premature.

Yours faithfully,

/s/karamvir dahiya
_____
Karamvir Dahiya, Esq.

Copy to:
Jason A. Little, counsel for Appellee
jlittle@deilylawfirm.com

---

[1] The Notice of Appeal was timely filed, even though it was defective. March 16, 2015, the appeal bankruptcy order was entered triggering 14 days time. Bankruptcy Rule 8002. The said Notice, though defective, identifying the case number was filed on March 28, three days prior to the filing deadline. *Becker v. Montgomery*, 532 US 757 (2001) (holding that "imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court"). See attached docket.

2