

**Deily & Glastetter, LLP**
Attorneys at Law

**Jason A. Little, Associate**
*Admitted in NY*
8 Thurlow Terrace, Albany, New York 12203
P: (518) 436-0344 | F: (518) 436-8273
jlittle@deilylawfirm.com

May 15, 2015

Hon. Kiyo A. Matsumoto
Eastern District Court of New York
Chambers Room S905
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: In re: Julian Salim
       EDNY Case No. 15-cv-01787-KAM
       Adversary Case No. 13-01442
       Our File No. L-VWCREDIT.15.00168

Dear Judge Matsumoto:

  Our office represents VW Credit, Inc. ("VCI"), in connection with the above-referenced bankruptcy appeal. In accordance with the Court's May 11, 2015 Order, this letter is provided in response to Appellant, Julian Salim's ("Appellant"), letter motion of May 10, 2015 seeking to vacate the Court's May 4, 2015 Order permitting withdrawal of Appellant's former counsel and adopting the proposed briefing schedule for VCI's Motion to Dismiss Appeal ("Letter Motion").[1]

  VCI is confused by the procedure utilized by counsel in seeking the relief requested in the Letter Motion. Appellant suggests that the March 16, 2015 Order of the United States Bankruptcy Court for the Eastern District of New York, by Hon. Elizabeth S. Stong ("Order"), is not final and that the appeal should not have been filed by Appellant's previous counsel. Appellant can obtain the relief sought in the Letter Motion by simply filing a Notice of Withdrawal of the Appeal. Consent of the Court or VCI in not required. Instead, Appellant filed this procedurally improper Letter Motion, the true purposes of which appear to be to obtain a factual finding from the Court, or "comfort order", concerning the issue of Judge Stong's March 16th Order's finality. Appellant's attempt to circumvent the procedural requirements, as addressed below, is inappropriate and should not be countenanced by the Court.

  The Letter Motion filed by Appellant is an improper vehicle to obtain the relief requested. The Letter motion is not made on notice and does not comply with the requirements of Rule 7 and Local Rule 7.1.[2]

---

[1] VCI served is motion to dismiss on Appellant yesterday in accordance with the Court's May 4, 2015 Order.
[2] The Letter Motion seeks relief not contemplated by Local Rule 7.1(d), which authorizes letter motions for certain matters.

www.deilylawfirm.com

May 15, 2015
Hon. Kiyo A. Matsumoto
Page 2

Appellant's Letter Motion was filed by CM/ECF on May 11, 2015. At no time prior to May 11, 2015 did Appellant propose a briefing schedule, rather lone obtain Court approval of a briefing schedule. The Letter Motion is improper under the Court's Chambers Practices. By correspondence dated May 13, 2015, VCI notified Appellant that the Letter Motion failed to comply with the Court's Chambers Practices, but the its request for compliance was unheeded. Moreover, the Letter Motion fails to comply with your Honor's Chamber Practices. Chambers Practices IV(C)(1)(a), disallow the filing of motion papers via ECF until the motion has been fully briefed. Chambers Practices IV(C)(1)(b) requires the moving party to provide, subject to Court approval, a proposed briefing schedule and directs that "[n]o party is to serve any motion papers prior to obtaining court approval for the schedule".

Appellant's the relief sought in the Letter Motion also fails substantively. Appellant argues, in essence, that the Court lacks jurisdiction over the appeal because the Order is not "final" for the purposes of Rule 54. In doing so, Appellant presupposes that VCI asserted "multiple" as opposed to a "singular" claim for relief in the underlying adversary proceeding.[3] The distinction is important because, as noted by the Supreme Court in Gelboim v. Bank of Am. Corp., 135 S. Ct. 897 (2015), "[Rule 54(b)] 'does not apply to a single claim action nor to a multiple claim action in which all of the claims have been finally decided.'" Id. at 906 (quotation and citations omitted). In Acumen Re Mgmt. Corp. v. General Sec. Nat'l Ins. Co., 769 F.3d 135 (2d Cir. 2014), the Second Circuit noted several standards articulated over the years to determine whether claims are separate for Rule 54(b) purposes, including:

> Whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced . . . [which] Commentators have interpreted . . . to mean that when a claimant presents a number of legal theories, but will be permitted to recover on only one of them, there exists only a single claim for relief.

Id. at 141 (citations and internal quotations omitted).

The relief sought by VCI in the adversary proceeding below was singular – i.e. the denial of - discharge of the obligations to VCI– and not multiple. The Order grants VCI request for denial of discharge in its entirety, leaving no further relief available to VCI. This is true also for Appellant as, even if he were to prevail a trial regarding the on the remaining cause of action not disposed of in the March 16th Order, the entirety of the Appellant's obligation to VCI remains non-dischargeable under the Order. The Order is therefore final.[4] As determined by the Supreme Court in Gelboim, Rule 54 should not be used here to retard the appeal of a singular claim for relief. Gelboim, S. Ct. at 906.[5]

---

[3] Appellant also asserts the presence of an un-adjudicated counterclaim. Appellant, whether through oversight or otherwise, fails to acknowledge that the operative pleading, the Second Amended Answer, does not contain a counterclaim. The Second Amended Answer's lack of a counterclaim is addressed by the Order.

[4] This is true under the circumstances here notwithstanding In re Chateaugay Corp., 922 F.2d 86 (2d Cir. 1990) and its progeny.

[5] Even if the two causes of action asserted by VCI are considered separate for the purpose of Rule 54, it does not alter the fact that the Order grants VCI the entirety of the relief it demanded and is, or could be, entitled to.

May 15, 2015
Hon. Kiyo A. Matsumoto
Page 3

      Appellant's contention that the appeal is timely is, in part, the subject of VCI's dismissal motion which was served yesterday in accordance with the Court's May 4, 2015 Order. VCI will not burden the Court or this correspondence by addressing issues that will be filed by CM/ECF when fully briefed and subject to the Court's determination in a procedurally appropriate fashion. However, the Notices of Appeal filed by Appellant are both defective and a nullity or untimely.

      We thank the Court for its time and attention in this matter.

                                  Respectfully submitted,

                                  DEILY & GLASTETTER, LLP

                                  Jason A. Little

JAL/jp

cc: Karamvir Dahiya, Esq.